UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

PATRICIA M. BANKS, as Personal Representative
of the ESTATE of GEORGE BANKS, and as
Decedent's surviving spouse,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, Patricia M. Banks, as Personal Representative of the Estate of George Banks and as Decedent's surviving spouse, sues Defendant, the United States of America, and states:

### I. INTRODUCTION, PARTIES, JURISDICTION, AND VENUE

1. This is an action against the Defendant, the United States of America, under the Federal Torts Claim Act, 28 U.S.C. §§ 1346(b)(1) and 2671 *et seq.*, for negligence and medical malpractice in connection with the acts and/or omissions of the Department of Veteran Affairs.

2. The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), for money damages as compensation for personal injuries and death caused by the Defendant's negligence.

3. Plaintiff Banks has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act. *See Form 95,* attached hereto as **Exhibit A**.

4. This suit is timely filed, in that Plaintiff Banks timely served notice of her claim on the Department of Veteran Affairs less than two years after the incident forming the basis of this suit.

5. Plaintiff Banks is filing this Complaint pursuant to 28 U.S.C. § 2401(b) after receiving the Department of Veteran Affairs' August 22, 2019, notice of "final denial." *See Administrative Tort Claim Denial Letter*, attached hereto as **Exhibit B**.

6. Plaintiff Banks is, and at all times relevant hereto was, a citizen of Florida who resides in Pinellas County.

7. Defendant, the United States of America, including its directors, officers, operators, administrators, employees, agents, and staff at the Department of Veterans Affairs are hereinafter collectively referred to as the "VA."

8. Defendant, the United States of America, through the VA, operates the facilities at 9500 Bay Pines Boulevard, Bay Pines, FL 33744; and at 13000 Bruce B. Downs Boulevard, Tampa, Florida 33612.

9. At all times relevant to this Complaint, the VA held itself out to Plaintiff's husband, and eligible beneficiaries, as providers of high-quality health care services, with the expertise necessary to maintain the health and safety of patients like the Plaintiff's husband.

10. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff of the VA were employed by and/or acting on behalf of the Defendant.

11. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

12. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1402(b) as the Plaintiff resides in Pinellas County, Florida.

## II. FACTUAL ALLEGATIONS

13. Plaintiff incorporates by reference Paragraphs 1 through 12 as though fully set forth herein.

14. George Banks served in the Army in Germany, during the Vietnam War, from approximately August 1966 – August 1968.

15. George Banks' military occupational specialty ("MOS") was a petroleum heavy vehicle operator, known today as a petroleum supply specialist.

16. George Banks' in-service military occupation involved the transfer of bulk petroleum to and from Mr. Banks' truck.

17. Benzene is a colorless liquid with a sweet smell and is a natural component of petroleum.

18. George Banks was honorably discharged from the Army shortly after his service ended in approximately August 1968.

19. The scientific literature about benzene has advanced since George Banks' honorable discharge.

20. Today, benzene is classified as a known carcinogen.

21. Today, it is not disputed that acute myeloid leukemia and acute nonlymphocyte leukemia are caused by benzene exposure.

22. The current scientific literature states that the latency period from benzene exposure to development of acute illness or chronic disease can be up to 30 years post-exposure.

23. On approximately February 28, 2000, George Banks drove himself to the James A. Haley Veterans' Hospital (the "VA Medical Center"), located at 13000 Bruce B.

Downs Boulevard, Tampa, Florida 33612, having what he thought was the flu.

24. George Banks' initial diagnosis from the VA Medical Center was pneumonia.

25. A few days later, while still at the VA Medical Center, George Banks was diagnosed as having acute myeloid leukemia ("AML").

26. AML is a cancer of the blood cells and is characterized by the rapid growth of abnormal cells in the bone marrow and blood.

27. While at the VA Medical Center, George Banks had multi-symptom organ failure.

28. Upon admission on approximately February 28, 2000, George Banks was never released from the VA Medical Center.

29. George Banks died at the VA Medical Center on April 6, 2000.

30. George Banks' cause of death included AML, febrile neutropenia, pancytopenia, and intracranial hemorrhaging.

31. Subsequent to George Banks' passing, Plaintiff sought surviving spouse benefits from the VA.

32. While working on obtaining surviving spouse benefits, Plaintiff came to know staff members of the VA St. Petersburg Regional Office, located at 9500 Bay Pines Boulevard, Bay Pines, FL 33744.

33. In approximately 2013, Plaintiff learned from an employee of the St. Petersburg Regional Office that the VA had a tracking system for veterans who were exposed to various environmental hazards and that her husband, George Banks, had "slipped through the cracks" and been omitted from this tracking system.

34. The purpose of the tracking system is so that veterans who were exposed to

various environmental hazards, including benzene, would be followed up and monitored by the VA regarding health status.

35. After multiple examinations by the Board of Veterans' Appeals, an Order was entered by Judge Harvey P. Roberts on September 20, 2018, granting entitlement to service connection for the cause of George Banks' death and finding that George Banks' AML was etiologically related to active service (the "*Order*"). The *Order* is attached hereto as **Exhibit C**.

36. The ruling from the Order was the earliest point at which the Plaintiff had confirmation that George Banks' death was causally connected to his benzene exposure while in service.

37. But for the VA's negligent failure to warn George Banks of the evolving literature surrounding benzene exposure and the VA's failure in omitting George Banks from the VA tracking system, George Banks would not have died on April 6, 2000.

38. Plaintiff, Patricia M. Banks, has been appointed, or will shortly be appointed, as the personal representative of the Estate of George Banks, the decedent.

### III. CLAIM

#### COUNT 1: NEGLIGENT FAILURE TO WARN

39. Plaintiff incorporates by reference Paragraphs 13 through 38 as though fully set forth herein.

40. After George Banks' discharge, the Defendant, by and through its agents, servants, and employees, acting within the course and scope of their employment with the United States of America, had a duty to warn George Banks of the dangers of benzene exposure as the scientific literature continued to evolve.

41. Further, George Banks never had any knowledge of the aforementioned causal relationship between his exposure to benzene and subsequent contracting of AML, nor was it reasonably ascertainable by him.

42. The Defendant, by and through its agents, servants, and employees, acting within the course and scope of their employment with the United States of America, subsequent to George Banks' discharge from the Army in August 1968, were negligent, and breached their duty of care to George Banks by committing the following acts and/or omissions, in that:

   a. The VA failed to provide fair and adequate warning to George Banks of the toxicity of benzene after his discharge in August 1968;

   b. After George Banks' discharge from the Army, Defendant, in light of the reasonably available knowledge, should have known about the dangers of benzene exposure and warned George Banks; and

   c. The unreasonable risk of danger posed by benzene exposure was neither known, nor open and obvious, to George Banks.

43. As a direct and proximate result of Defendant's negligence, George Banks sustained serious and permanent personal injuries in and about his body, resulting in his wrongful death; incurred medical expenses and all other damages permitted under Florida's wrongful death statute to include, but not be limited to, funeral and burial expenses and the loss of future earnings and net accumulations. Patricia M. Banks, the surviving spouse of George Banks and personal representative of his Estate, has suffered damages, including loss of support and services, companionship, comfort, attention, as well as mental anguish, pain and suffering.

44. The acts and/or omissions set forth above would constitute a claim under the laws of the State of Florida.

## COUNT 2: MEDICAL NEGLIGENCE

45. Plaintiff incorporates by reference Paragraphs 13 through 38 as though fully set forth herein.

46. The Defendant had a duty to provide ordinary care, and to exercise that standard and degree of care and skill required of health care providers, consistent with the expertise that the Defendant presented to the community at large.

47. The Defendant breached its duty of care to George Banks by omitting him from its tracking system of those veterans who were exposed to environmental hazards and not following up and monitoring him regarding his health.

48. As a direct and proximate result of Defendant's negligence, George Banks sustained serious and permanent personal injuries in and about his body, resulting in his wrongful death; incurred medical expenses and all other damages permitted under Florida's wrongful death statute to include, but not be limited to, funeral and burial expenses and the loss of future earnings and net accumulations. Patricia M. Banks, the surviving spouse of George Banks and personal representative of his Estate, has suffered damages including loss of support and services, companionship, comfort, attention, as well as mental anguish, pain and suffering.

49. The acts and/or omissions set forth above would constitute a claim under the laws of the State of Florida.

## IV. REQUEST FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff respectfully prays that the Court: Enter judgment for Plaintiff; award money damages, costs, pre- and post-judgment interest as allowed by law, and a reasonable attorney's fee; and any further and additional relief this Court may deem proper.

## V. JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully Submitted By:

/s/ *[signature]*

**Mason Kerns** (FBN 91754)
mason@masonkernslaw.com
pleadings@masonkernslaw.com
**Jeremy Block** (FBN 121783)
jeremy@masonkernslaw.com
MASON KERNS LAW, P.A.
1814 Southwest 22nd Avenue, Suite 6
Miami, Florida 33145
P 305.725.8300 | F 305.422.0400